**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KELSEY MOORE,                            )
                                        )
    Plaintiff,                     )
                                        )
  vs.                                 )            Case No. 4:24-CV-00480 JSD
                                        )
ELICIA PEARSON, et al.,                  )
                                        )
    Defendants.                    )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Kelsey Moore for leave to commence this action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, ECF No. 1, the Court will direct plaintiff to show cause within twenty-one (21) days of the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**The Complaint**

Plaintiff Kelsey Moore, a citizen of the State of Missouri, filed this action on March 29, 2024, against defendants Elicia Pearson and Darren Hale. Plaintiff claims that defendant Pearson is also a citizen of the State of Missouri. Although plaintiff has not identified defendant Hale's state of citizenship, she identifies Hale's State of residence as Missouri. [ECF No. 1]. In the portion of the complaint wherein plaintiff was supposed to identify "Federal Question" jurisdiction, plaintiff has written "Revenge Porn."

On the Civil Cover Sheet, plaintiff alleges that she has suffered "Other Personal Injury," defamation and civil rights violations. In her complaint, plaintiff alleges:

To my knowledge, Darren Hale allowed access to my private information such as address and nude images of me. Elicia then began threatening me through phone calls and text messages. This led to Elicia sharing my address and nudes on Facebook and harassing me.

Plaintiff states that she is being harassed over defendant Hale, whom she "no longer talks to." She claims that the harassment allegedly began in July of 2023, when defendant Pearson began calling her phone and texting her, purportedly threatening to "cause harm" to plaintiff and "visit [her] place of work." Approximately October 20, 2023, defendant Pearson allegedly shared plaintiff's home address "with the public," along with nude pictures and videos, purportedly through Facebook.

Plaintiff seeks damages in this action totaling $150,000, as well as a request that defendant Pearson serve jail time.[1] Plaintiff, however, has not indicated exactly what makes up her request for relief. She states only that she suffered emotional damage, embarrassment, harassment, thoughts of doubt and shame and invasion of privacy.

## Discussion

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every

---

[1]As plaintiff is bringing a civil action it is not within the purview of the Court to order a criminal prosecution of defendant Pearson.

federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where Diversity Jurisdiction exists under 28 U.S.C. § 1332. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject matter jurisdiction is lacking if neither Diversity of Citizenship nor Federal Question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has directed that district courts shall have jurisdiction in both Federal Question and Diversity cases).

Under 28 U.S.C. § 1332, the Court has Diversity Jurisdiction over cases *where the all the parties reside in different states* and where the amount in controversy is more than $75,000. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (emphasis added).

Here, it does not appear from plaintiff's complaint that either Federal Question Jurisdiction or Diversity Jurisdiction is present. First, nothing in the Statement of Claim refers to a violation of a specific federal statute or Constitutional provision. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Additionally, plaintiff indicates in the complaint that

she is only pursuing Missouri state law claims for invasion of privacy[2] and defamation.[3] These claims cannot establish Federal Question Jurisdiction. To the extent plaintiff believes a federal statute has been violated she has not so stated, and the Court will not introduce a claim for plaintiff.

Second, although plaintiff appears to wish to pursue this matter under the Court's Diversity Jurisdiction statute, she has alleged that both her and defendant Pearson are citizens of the State of Missouri. Thus, she cannot bring this action under 28 U.S.C. § 1332. As such, plaintiff has failed to show a basis for this Court's jurisdiction.

### Order to Show Cause

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction as she has not adequately indicated that her complaint is based on either Federal Question or Diversity Jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within twenty-one (21) days of the date of this Order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to

---

[2] If plaintiff believes a federal statute has been violated, she has not articulated such.

[3] Plaintiff also states in the Civil Cover Sheet that she is pursuing claims for "civil rights violations." To the extent she is attempting to pursue claims under 42 U.S.C.§ 1983, she is unable to do so as both defendants are private actors. To state a claim for relief under 42 U.S.C. § 1983, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress,* 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.,* 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and within **twenty-one (21) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 16th day of July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE